UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AZIZ BEN OMAR, BADR SABRI, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SWISSPORT USA, INC.,

Defendant.

C.A. No. 1:26-CV-11371-LTS

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Aziz Ben Omar and Badr Sabri, on behalf of themselves and all others similarly situated, bring this first amended class and collective action complaint against Defendant Swissport USA, Inc. In support thereof, Plaintiffs allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs are former employees of Defendant. They allege that Defendant has violated the Massachusetts Wage Act, M.G.L. c. 149, §§ 148 and 150, the Massachusetts Minimum Fair Wage Act, M.G.L. c. 151, § 1 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to timely pay them and similarly situated employees all the wages that they earned, failing to pay them overtime wages, and failing to pay them for all the hours that they worked.

2. On behalf of themselves and all other similarly situated individuals, Plaintiffs seek damages including, without limitation, all unpaid compensation, liquidated damages, civil

penalties as appropriate, appropriate ancillary relief, injunctive relief, interest, attorneys' fees, costs, and all other relief to which they are entitled.

3. Mr. Sabri brings FLSA claims against Defendant on behalf of a collective of similarly situated individuals who may choose to "opt in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "FLSA Collective"). Mr. Sabri's FLSA claims meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

4. In compliance with 29 U.S.C. § 216(b), Mr. Sabri consents to sue as a plaintiff under the FLSA.[1]

## PARTIES

5. Plaintiffs are adult residents of Middlesex County, Massachusetts.

6. Defendant is a foreign corporation. The address of Defendant's principal office is 227 Fayetteville Street, 9th Floor, Raleigh, North Carolina 27601. Upon information and belief, Defendant's annual revenue exceeds $500,000, and it has employed two or more persons, including Plaintiffs. Defendant is and/or was an "employer" of Plaintiffs and the members of the putative classes and/or collective within the meaning of Massachusetts wage laws and the FLSA.

## JURISDICTION AND VENUE

7. On September 3, 2025, Plaintiffs filed a Class and Collective Action Complaint (the "Complaint") in the Superior Court of Suffolk County in Boston, Massachusetts. On March 20, 2026, Defendant filed a notice of removal. Defendant alleged in the notice of removal that the United States District Court for the District of Massachusetts is the proper venue for this case under 28 U.S.C. § 1441(a) because it is the federal judicial district that

---

[1] Mr. Sabri's consent to sue form is attached as Exhibit 1.

encompasses Suffolk County in Massachusetts. Defendant further alleged in the notice of removal that this Court has original subject-matter jurisdiction under 28 U.S.C. § 1331 over a claim in the Complaint because it was a claim arising under the Constitution, laws, or treaties of the United States, including a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.; that this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over state-law claims asserted in the Complaint because the claims arise out of the same nucleus of operative facts as Plaintiffs' federal FLSA claims and form part of the same case or controversy; and that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) over claims in the Complaint because they are a civil action between citizens of different states with more than $75,000 in controversy, exclusive of interest and costs.

## FACTS

8. Defendant's primary business is providing commercial aviation services to airlines.

9. Defendant provides airport ground services to airlines at Logan International Airport ("Logan") in Boston, Massachusetts.

10. Defendant's employees at Logan who are classified as nonexempt for purposes of overtime compensation are all subject to the practices or policies of the same employee handbook, which is titled "U.S. Employee Handbook" (the "Handbook"), and dated November 4, 2016.

11. Since September 3, 2022, Defendant has employed more than 40 different individuals at Logan who were subject to the practices or policies in the Handbook.

12. Defendant's nonexempt employees at Logan regularly work five or six days in a calendar week.

13. The Handbook establishes a uniform workweek for all nonexempt and/or hourly employees in the United States, including Massachusetts.

14. The Handbook states in Section X(B) that "each workweek shall consist of seven (7) consecutive workdays and begins on Friday."

15. The Handbook establishes a uniform pay period for all nonexempt and/or hourly employees in the United States, including Massachusetts.

16. The Handbook states in Section X(F) that "payroll is computed weekly Friday through Thursday; however, there is almost a one (1) week administrative lag between the week worked and the receipt of pay for that week."

17. Consistent with the Handbook, Defendant paid nonexempt and/or hourly employees at Logan seven days after the end of each pay period no matter how many days they had worked in any given calendar week.

18. Consistent with the Handbook, Defendant paid nonexempt and/or hourly employees at Logan seven days after the end of each pay period even when they worked five or six days in any given calendar week.

19. In 2022, the Massachusetts Attorney General's Office ("AGO") began investigating Defendant's compensation practices after receiving complaints from employees at Logan.

20. The AGO's investigation concerned potential violations of Massachusetts wage laws.

21. The AGO's investigation did not concern potential violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

22. The AGO found that Defendant violated Massachusetts wage laws because it failed to pay Logan employees for all the hours that they worked, failed to pay them overtime rates for hours they worked in excess of 40 a week, and failed to maintain accurate employee records.

23. The AGO found that nearly all of Defendant's Logan employees were impacted by its violations of Massachusetts wage laws, including, without limitation, cleaners and passenger services agents.

24. On April 3, 2025, the AGO issued citations to Defendant for violating Massachusetts wage laws, M.G.L. c. 149 and c. 151.

25. The citations included civil penalties and restitution for certain wage violations, but they did not provide Defendant's employees with all the damages available under the Massachusetts Wage Act, M.G.L. c. 149, §§ 148 and 150, or the Massachusetts Minimum Fair Wage Act, M.G.L. c. 151, § 1, *et seq*.

26. The citations did not address the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, or provide Defendant's employees with any of the damages available thereunder.

27. Defendant employed Mr. Ben Omar as an aircraft cleaner at Logan from on or about June 21, 2023 until on or about June 4, 2024.

28. Mr. Ben Omar worked five or six days in one or more calendar weeks during his employment with Defendant.

29. Defendant employed Mr. Sabri as a passenger services agent at Logan from on or about March 22, 2023 until on or about April 12, 2025.

30. Mr. Sabri worked five or six days in one or more calendar weeks during his employment with Defendant.

31. Defendant classified Plaintiffs as nonexempt.

32. Defendant paid Plaintiffs on an hourly basis.

33. Defendant paid Plaintiffs on a weekly pay period.

34. The practices and policies in the Handbook applied to Plaintiffs.

35. Plaintiffs' workweek was Friday to Thursday.

36. Defendant paid Plaintiffs based on the pay period established in the Handbook.

37. Defendant paid Plaintiffs seven days after the end of one or more pay periods.

38. Defendant paid Plaintiffs seven days after the end of one or more pay periods when they had worked five or six days in a calendar week.

39. Defendant failed to maintain accurate employee payroll records for Plaintiffs, as required by Massachusetts and federal laws and regulations.

40. Defendant failed to record all the hours that Plaintiffs worked.

41. By failing to record all the hours that Plaintiffs worked, Defendant failed to pay them all the regular and overtime wages that they earned during one or more weeks.

42. Defendant automatically deducted time for unpaid meal breaks from the hours that Plaintiffs worked even if they worked through a meal break.

43. Defendant required Plaintiffs to remain at the airport during all unpaid meal breaks.

44. Plaintiffs were regularly required to work through unpaid meal breaks because of flight delays, overbookings, and other issues.

45. By deducting time for unpaid meal breaks from the hours that Plaintiffs worked even when they worked through a meal break, Defendant failed to pay them all the regular and overtimes wages that they earned during one or more weeks.

46. Mr. Sabri worked as a "shift lead" during one or more weeks of his employment with Defendant.

47. Defendant paid Mr. Sabri differential pay for each hour that he worked as a shift lead.

48. The differential pay was called "lead pay" and it was paid in addition to his regular non-"shift-lead" hourly rate.

49. Mr. Sabri received differential pay during one or more weeks that he worked more than 40 works.

50. During any week in which Mr. Sabri received differential pay and worked more than 40 hours, Defendant was required by Massachusetts wage laws and the FLSA to calculate Mr. Sabri's *regular rate* of pay for purposes of overtime compensation by dividing his total earnings (i.e. total regular hourly earnings plus total "lead pay") by the total hours that he had worked and to pay him *one and one-half* times the newly calculated *regular rate* for all the hours that he worked in excess of 40.

51. Defendant did not pay Mr. Sabri *one* and *one-half* times his *regular rate* for the hours that he worked in excess of 40 during weeks that he earned differential pay.

52. Instead, Swissport paid him *one* times the standard hourly rate that he received when he did not work as a shift lead and *one-half* times his *regular rate* as it is required to be calculated under Massachusetts wage laws and the FLSA.

53. By not paying Mr. Sabri an overtime rate during weeks that he worked as a shift lead that was *one and one-half* times his *regular rate*, Defendant failed to pay Mr. Sabri overtime wages during the weeks that he worked as a shift lead because the standard hourly rate that he received when he did not work as a shift lead was lower than his *regular rate* under Massachusetts and federal law.

54. Defendant paid employees who were classified as part-time differently than employees who were classified as full-time.

55. Defendant paid "part-time" employees fewer benefits, less vacation time, and lower holiday pay than the company's "full-time" employees.

56. Mr. Sabri worked for Defendant full time.

57. Defendant treated Mr. Sabri as a part-time employee.

58. By treating Mr. Sabri as a part-time employee, when he was actually a full-time employee, Defendant failed to pay him all the benefits, vacation time, and holiday pay that he was entitled to receive.

## CLASS AND COLLECTIVE ALLEGATIONS

### A. Massachusetts Wage Claims Classes.

#### i. Massachusetts Wage Claims Class 1 – Unpaid Regular Wages (Count I) and Unpaid Overtime Wages (Count II).

59. Plaintiffs allege in Count I that Defendant violated M.G.L. c. 149, § 148 by failing to pay regular wages to them and other similarly situated individuals for all the hours that they worked up to 40 during one or more weeks.

60. Plaintiffs allege in Count II that Defendant violated M.G.L. c. 151, §§ 1A, 1B by failing to pay overtime wages to them and other similarly situated individuals for all the hours that they worked in excess of 40 during one or more weeks.

61. Pursuant to M.G.L. c. 149, § 150, M.G.L. c. 151, §§ 1B and 20, and Fed. R. Civ. P. 23, Plaintiffs bring the Massachusetts wage claims in Counts I and II on behalf of themselves and a class of other similarly situated employees ("MA Class 1").

62. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define MA Class 1 as follows:

> All individuals who Defendant has employed in Massachusetts at any time since September 3, 2022 and classified as nonexempt for purposes of overtime compensation.

63. The claims in Counts I and II can be adjudicated by Plaintiffs on behalf of a single class because the claims in both counts arise from Defendant's systemic failure to accurately record all the hours that Plaintiffs and other similarly situated individuals worked.

64. On information and belief, Defendant failed to maintain accurate employee payroll and time records for Plaintiffs and the other members of MA Class 1, and subjected Plaintiffs and the other members of MA Class 1 to uniform practices and policies regarding the services they perform, their compensation, and the hours that they worked.

65. During the three years preceding the service date of this demand, Defendant has employed 40 or more individuals who are members of MA Class 1.

66. Joinder is impracticable in this case due to the size and composition of MA Class 1; the nature of the claims and relief sought, and the remedial purpose of the underlying claims; and because individual joinder would be inefficient, uneconomical, and could result in the deprivation of aggrieved employees' rights under Massachusetts wage and hour laws.

67. There are issues of law and fact common to all members of MA Class 1, because Defendant's practices affected all of them in the same or similar way. Common questions of law and fact predominate over any questions affecting individual class members.

The predominant questions of law or fact are clear, precise, well defined, and applicable to Plaintiffs as well as every absent member of MA Class 1.

68. Plaintiffs' claims in Counts I and II are typical of the claims that all members of MA Class 1 have against Defendant because they were all subject to the same unlawful practices and suffered similar harms.

69. Plaintiffs will fairly and adequately represent the interests of MA Class 1 because they do not have a conflict of interest with any members. The undersigned counsel will fairly and adequately represent MA Class 1's interests because they have substantial experience in this field.

70. A class action is superior for adjudicating the claims in Counts I and II for several reasons including, but not limited to, the following: Counts I and II challenge Defendant's uniform compensation practices and policies; many workers may be reluctant to bring claims individually for fear of retaliation; some members of MA Class 1 may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of scarce judicial resources to require each member of MA Class 1 affected by the practices challenged herein to bring his or her own individual claim.

**ii. Massachusetts Wage Claims Class 2 – Underpaid Overtime Wages (Counts III and IV).**

71. Mr. Sabri alleges in Counts III and IV that Defendant violated M.G.L. c. 149, § 148 and M.G.L. c. 151, §§ 1A, 1B by underpaying the overtime wages that he and other similarly situated individuals earned during one or more weeks.

72. Pursuant to M.G.L. c. 149, § 150, M.G.L. c. 151, §§ 1B and 20, and Fed. R. Civ. P. 23, Mr. Sabri brings the Massachusetts wage claims in Counts III and IV on behalf of himself and all other similarly situated employees ("MA Class 2").

73. Pending any modifications necessitated by discovery, Mr. Sabri preliminarily defines MA Class 2 as follows:

> All individuals who Defendant has employed in Massachusetts at any time since September 3, 2022, who were classified as nonexempt for purposes of overtime compensation, and who received differential pay.

74. On information and belief, Defendant failed to maintain accurate employee payroll and time records for Mr. Sabri and the other members of MA Class 2, used one methodology to calculate the overtime wages that it paid Mr. Sabri and the other members of MA Class 2, and subjected Mr. Sabri and the other members of MA Class 2 to uniform practices and policies regarding the services they perform, their compensation, and the hours that they worked.

75. Since September 3, 2022, Defendant has employed 40 or more individuals who are members of MA Class 2.

76. Joinder is impracticable in this case due to the size and composition of MA Class 2; the nature of the claims and relief sought, and the remedial purpose of the underlying claims; and because individual joinder would be inefficient, uneconomical, and could result in the deprivation of aggrieved employees' rights under Massachusetts wage and hour laws.

77. There are issues of law and fact common to all members of MA Class 2 because Defendant's practices affected all of them in the same or similar way. Common questions of law and fact predominate over any questions affecting individual class members. The predominant questions of law or fact are clear, precise, well defined, and applicable to Mr. Sabri as well as every absent member of MA Class 2.

78. Mr. Sabri's claims in Count III and IV are typical of the claim that all members of MA Class 2 have against Defendant because they were all subject to the same unlawful practices and suffered similar harms.

79. Mr. Sabri will fairly and adequately represent the interests of the members of MA Class 2 because he does not have a conflict of interest with any members. The undersigned counsel will fairly and adequately represent MA Class 2's interests because they have substantial experience in this field.

80. A class action is superior for adjudicating the claims in Counts III and IV for several reasons including, but not limited to, the following: Counts III and IV challenges Defendant's uniform compensation practices and policies; many workers may be reluctant to bring claims individually for fear of retaliation; some members of MA Class 2 may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of judicial resources to require each member of MA Class 2 affected by the practices challenged herein to bring his or her own individual claim.

**iii. Massachusetts Wage Claims Class 3 – Untimely Paid Wages.**

81. Pursuant to M.G.L. c. 149, § 150 and Mass. R. Civ. P. 23, Plaintiffs bring the Massachusetts wage claim in Count V on behalf of themselves and all other similarly situated employees ("MA Class 3").

82. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define MA Class 3 as follows:

> All individuals whom Swissport has employed in Massachusetts at any time since September 3, 2022, who were classified as nonexempt for purposes of overtime compensation, and who worked five or six days during one or more calendar weeks.

83. On information and belief, Defendant paid Plaintiffs and the other members of MA Class 3 on the same pay cycle, which caused them to be paid seven days after the end of one or more pay periods when they had worked five or six days in a calendar week, and subjected Plaintiffs and the other members of MA Class 3 to uniform practices and policies regarding the services they perform, their compensation, and the hours that they worked.

84. During the three years preceding the service date of this demand, Defendant has employed 40 or more individuals who are members of MA Class 3.

85. Joinder is impracticable in this case due to the size and composition of MA Class 3; the nature of the claims and relief sought; the remedial purpose of the underlying claims; and because individual joinder would be inefficient, uneconomical, and could result in the deprivation of aggrieved employees' rights under Massachusetts wage and hour laws.

86. There are issues of law and fact common to all members of MA Class 3 because Defendant's practices affected all of them in the same or similar way. Common questions of law and fact predominate over any questions affecting individual class members. The predominant questions of law or fact are clear, precise, well defined, and applicable to Plaintiffs as well as every absent member of MA Class 3.

87. Plaintiffs' claims in Count V are typical of the claims that all members of MA Class 3 have against Defendant because they were all subject to the same unlawful practices and suffered similar harms.

88. Plaintiffs will fairly and adequately represent the interests of MA Class 3 because they do not have a conflict of interest with any members. The undersigned counsel will fairly and adequately represent MA Class 3's interests because they have substantial experience in this field.

89. A class action is superior for adjudicating the claims in Count V for several reasons including, but not limited to, the following: Count V challenges Defendant's uniform compensation practices and policies; many workers may be reluctant to bring claims individually for fear of retaliation; some members of MA Class 3 may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of judicial resources to require each member of MA Class 3 affected by the practices challenged herein to bring his or her own individual claim.

**B. FLSA Collective.**

90. Pursuant to 29 U.S.C. § 216(b), Mr. Sabri asserts the FLSA wage claim in Count VI on behalf of himself and a collective of Defendant's employees (the "FLSA Collective").

91. Pending any modifications necessitated by discovery, Mr. Sabri preliminarily defines the FLSA Collective as follows:

> All individuals whom Defendant has employed in Massachusetts at any time since September 3, 2022, who were classified as nonexempt for purposes of overtime compensation, and who received differential pay during a workweek in which they worked in excess of 40 hours.

92. These claims meet the requirements for collective action certification under the FLSA.

93. All potential opt-in plaintiffs are similarly situated with respect to the FLSA claim in Count VI because they worked for Defendant in Massachusetts, received "lead pay," or a similar form of differential compensation, and did not receive all their overtime wages because of the methodology that Defendant used to calculate their overtime wages during weeks that they received "lead pay," or a similar form of differential pay, and worked in excess of 40 hours.

**COUNT I**
Violations of the Massachusetts Wage Act
M.G.L. c. 149, §§ 148, 150
(Failure to Pay Regular Wages For Hours Worked Under 40 in a Week)

94. As described above, Defendant violated M.G.L. c. 149, §§ 148, 150 because it failed to pay Plaintiffs and other similarly situated individuals regular wages for all the hours they worked up to 40 during one or more workweeks, benefits, and overtime wages for all the hours they worked in excess of 40 during one or more weeks. This class claim is brought pursuant to M.G.L. c. 149, § 150 and/or Fed. R. Civ. P. 23.

**COUNT II**
Violations of the Massachusetts Minimum Wage Act
M.G.L. c. 151, §§ 1A-1B
(Failure to Pay Overtime Wages For Hours Worked in Excess of 40 in a Week)

95. As described above, Defendant violated M.G.L. c. 151, §§ 1A-1B because it failed to pay Plaintiffs and other similarly situated individuals overtime wages for all the hours they worked in excess of 40 during one or more weeks. This class claim is brought pursuant to M.G.L. c. 151, § 1B and/or Fed. R. Civ. P. 23.

**COUNT III**
Violations of the Massachusetts Wage Act
M.G.L. c. 149, §§ 148, 150
(Failure to Pay Overtime Wages at Proper Rate)

96. As described above, Defendant violated M.G.L. c. 149, §§ 148, 150 because it failed to pay Mr. Sabri and other similarly situated individuals one and one-half times their regular hourly rates for hours they worked in excess of 40 during one or more weeks. This class claim is brought pursuant to M.G.L. c. 149, § 150 and/or Fed. R. Civ. P. 23.

**COUNT IV**
Violations of the Massachusetts Minimum Wage Act
M.G.L. c. 151, §§ 1A-1B
(Failure to Pay Overtime Wages at Proper Rate)

97. As described above, Defendant violated M.G.L. c. 151, §§ 1A-1B because it failed to pay Mr. Sabri and other similarly situated individuals one and one-half times their regular hourly rates for hours they worked in excess of 40 during one or more weeks. This class claim is brought pursuant to M.G.L. c. 151, § 1B and/or Fed. R. Civ. P. 23.

**COUNT V**
Violations of the Massachusetts Wage Act
M.G.L. c. 149, §§ 148, 150
(Failure to Timely Paid Wages)

98. As described above, Defendant violated M.G.L. c. 149, § 148 because it failed to timely pay Plaintiffs and other similarly situated individuals whenever they worked five or six days in a calendar week. This class claim is brought pursuant to M.G.L. c. 149, § 150 and/or Fed. R. Civ. P. 23.

**COUNT VI**
Violation of the Fair Labor Standards Act
29 U.S.C. § 201, *et seq.*
(Failure to Pay Overtime Wages at Proper Rate)

99. As described above, Defendant violated the FLSA because it failed to pay Mr. Sabri and other similarly situated individuals one and one-half times their regular hourly rates for hours they worked in excess of 40 during one or more weeks. This collective claim is brought pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter the following relief:

1. Certification of Class 1, 2, and 3, pursuant to Fed. R. Civ. P. 23, M.G.L. c. 149, § 150, and/or M.G.L. c. 151, § 1B;

2. All damages to which Plaintiffs and Class 1, 2, and 3 are entitled to receive under Massachusetts law;

3. Statutory trebling of all damages, pursuant to Massachusetts law;

4. Attorneys' fees, costs, and interest as allowed by Massachusetts law;

5. Certification of the FLSA Collective for Mr. Sabri's FLSA claims against Defendant, pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*;

6. Permission for Mr. Sabri to notify other individuals of their right to opt into this action to pursue a claim against Defendant under the FLSA, pursuant to 29 U.S.C. § 216(b);

7. An order that Defendant failed to pay overtime wages to Mr. Sabri and other members of the FLSA Collective for all hours they worked in excess of 40 during a week;

8. An award of damages against Defendant for all overtime wages, that are due and owing to Mr. Sabri and other members of the FLSA Collective;

9. Statutory liquidated damages against Defendant under the FLSA for Mr. Sabri and other members of the FLSA Collective;

10. A finding that Defendant's violation of the FLSA was willful and that, therefore, the statute of limitations for the FLSA claim is three years;

11. Such other and further relief as the Court may deem proper and just.

Respectfully submitted,
AZIZ BEN OMAR,
BADR SABRI,

By their attorneys,

*/s/ Brook S. Lane*
Brook S. Lane, BBO #678742
Hillary Schwab, BBO #666029
FAIR WORK P.C.
192 South Street, Suite 450

Boston, MA 02111
Tel. (617) 607-3260
brook@fairworklaw.com
hillary@fairworklaw.com

Date: September 8, 2026